IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-02589-WDM-CBS

LOREN E. GASIOROWSKI,

    Applicant,

v.

GARY WATKINS, Warden, Fremont Correctional Facility, and THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Judge Craig B. Shaffer, issued April 22, 2005, that the application for writ of habeas corpus filed by Loren E. Gasiorowski (Gasiorowski) be denied and this case be dismissed with prejudice. All parties filed timely objections to the recommendation. 28 U.S.C. § 636(b).

I have reviewed *de novo* the pertinent portions of the record in this case, including the habeas petition, the answer filed by respondents Gary Watkins and the Attorney General of Colorado (Respondents), the recommendation, and the objections.[1]  For the reasons that follow, I conclude the recommendation should be accepted.

---

[1] Gasiorowski filed an addition to his objection, with a motion for appointment of counsel, on August 29, 2005. I struck that addition for failure to comply with the local rules of this court but gave him leave to refile the addition and motion separately. He has not done so, and I do not consider the arguments presented in the stricken addition.

Respondents object to the recommendation because they disagree with its conclusion that the limitations period for filing the habeas application was tolled for the period during which Gasiorowski could have appealed the implicit denial of his post-conviction motion. They point out that the tolling provision of 28 U.S.C. § 2244(d)(2) applies only to "properly filed" post-conviction motions. *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000). The recommendation accepts the findings of the state court that the post-conviction motion (a letter sent by Gasiorowski's father requesting reconsideration of his sentence) was not properly filed. Although I agree with Respondents that Gasiorowski was not entitled to a tolling for the time he could have appealed, this issue has no bearing on the recommendation itself, because Gasiorowski's July 29, 1999 post-conviction motion was untimely without regard to whether the appeal period is counted.

Gasiorowski objects to the recommendation on grounds related to the timeliness of his post-conviction motion in state court. He does not, however, address Magistrate Judge Shaffer's thorough discussion of the merits of his claims. Thus, even were I to accept his construction of the letter/motion filed by his father, he is not entitled to *de novo* review of the recommendation that his claims be dismissed on their merits. I have reviewed the discussion in the recommendation and agree that Gasiorowski's claims should be dismissed as untimely and on their merits.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Shaffer, issued April 22, 2005, is accepted as discussed herein.

2.      The application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed December 16, 2004, is dismissed with prejudice.

DATED at Denver, Colorado, on April 24, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge